No. ——.

First Circuit

——

AUTO TIRE COMPANY v. WADE E. PLAUCHE CO., INC., ET AL.

——

(December 22, 1925, Opinion and Decree)

——

(*Syllabus by the Editor.*)

1. Louisiana    Digest—Obligations — Par. 76.

One who purchases chattel mortgage notes made to secure the purchase price of automobiles under an agreement with the selling agency but with no special agreement to purchase all the notes contracted by that agency, is under no obligation to insure the automobiles sold until he has purchased the notes secured by that automobile.

Appeal from the Parish of Calcasieu. Hon. Thomas F. Porter, Judge.

Suit by Auto Tire Company, Inc., against Wade E. Plauche Co., et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

McCoy & Moss, of Lake Charles, attorneys for plaintiff, appellant.

Cline & Plauche, of Lake Charles, attorneys for defendant, appellee.

LECHE, J. Plaintiff is engaged in business in the city of Alexandria, and part of its business consists in selling automobiles on time. In the present suit it alleges, in substance, that it entered into a contract with defendant whereby it was to sell to defendant, and defendant was to buy from it, all the notes secured by vendor's lien and chattel mortgage, which it might receive in the course of its business. It alleges many other details and stipulations to be observed in the performance of the contract, which was made verbally, and that it had complied with all of such stipulations. It further alleges that in compliance with said agreement it had sold an automobile in part payment of which it had received a note secured by vendor's lien and privilege and chattel mortgage, which it forwarded in the manner provided in the agreement, to the defendant company doing business and domiciled at Lake Charles, and that in violation of the agreement defendant refused to take up and buy said note. It further alleges that one of the conditions of the agreement was that defendant would insure or cause to be insured every automobile thus sold on time, from the moment plaintiff would deposit the notes in a bank at Alexandria, for transmission to defendant at Lake Charles. Plaintiff further avers that after it had deposited said note in the bank, in Alexandria, and complied with all the stipulations in the agreement with defendant, the automobile was destroyed by fire, and defendant, having failed to insure the same as it had obligated itself to do, refused to take up said note, thereby causing plaintiff a loss equal to the amount of said note, for which it presently sues. That defendant had been told and informed that plaintiff carried insurance on all automobiles sold by it until such time as the deferred installments for the price thereof were fully paid, and that relying upon the agreement on the part of defendant, that defendant would effect such insurance as soon as the sales had been executed and the notes were drawn secured by vendor's lien and chattel mortgage, it had cancelled its own insurance policy, and that the automobile

securing the note forwarded to defendant was uninsured when destroyed by fire, and that the loss should be borne by defendant.

To this action several defenses were interposed, only one of which it is necessary to discuss in this opinion.

On the trial of the case, plaintiff was unable to prove the alleged conditions of the contract. H. J. Powers, manager, secretary and treasurer of plaintiff company and principal witness on its behalf, frankly admits that, under the terms of the contract, plaintiff was under no obligation to sell all of its automobile paper to defendant, and that there was no obligation on the part of defendant to take all the paper or any paper that might be offered to it by plaintiff. This testimony is fatal to plaintiff's right of recovery. The trial judge so found and we agree with him.